IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BASEERAT JAVED,

                Plaintiffs,

v.                                    CIVIL ACTION NO. 3:17-4626

SANDRA ARTHUR,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

       On March 11, 2020, the parties met for Plaintiff Baseerat Javed's deposition. There, State Farm Mutual Automobile Insurance Company learned for the first time that Javed allegedly underwent surgery in February 2019 to stabilize her cervical spine as a result of the motor vehicle collision at issue in this case. ECF No. 73, at 3; ECF No. 74, at 4. Javed's counsel claims that, prior to the deposition, he mistakenly believed Javed underwent the surgery for cancer. ECF No. 73, at 3. Javed subsequently filed her third supplemental discovery responses, which for the first time claimed the collision caused a neck injury, sought damages for that injury, and included medical records related to the injury. ECF No. 71, at 8, 14–17. The responses also disclosed seven new medical providers. ECF No. 71, at 5–20; ECF No. 74, at 9. State Farm then filed its pending motion to strike Javed's third supplemental responses. ECF No. 71. Alternatively, the parties agree to vacating the scheduling order to allow for more discovery. *Id.*; ECF No. 73.

       State Farm argues the Court should strike Javed's third supplemental responses because they were untimely, but service occurred on March 27, 2020, well before the then-operative discovery deadline of April 27, 2020. ECF Nos. 69, 70. Javed's supplemental production of medical records and claims for damages was therefore within the discovery period, so no grounds exist to strike them. State Farm's request to strike Javed's named medical providers depends on whether they are retained expert witnesses or treating physicians. The parties' pleadings obfuscate this distinction. To the extent the medical providers are treating physicians, Local Rule of Civil Procedure 26.1(b) does not require Javed to file Rule 26(a) reports. *See In re C.R. Bard, Inc.*, 948

F. Supp. 2d 589, 615 (S.D.W. Va. 2013) (holding "absent evidence that a plaintiff's treating physician or surgeon is retained or specifically employed to provide expert testimony, a Rule 26(a)(2)(B) written report will not be required"). Therefore, no grounds would exist to preclude these treating physicians from testifying because Javed disclosed them prior to the discovery deadline. To the extent the identified medical providers are retained experts, Javed failed to disclose them prior to the expert witness deadline without substantial justification, so they are precluded from testifying. ECF No. 43.

On April 24, 2020, the Court extended the discovery deadline by thirty days to allow for Javed's deposition. ECF No. 79. That Order remains in effect. Upon consideration of the present Motion, the Court also concludes an extended period of full discovery is needed for State Farm to adequately review and respond to Javed's voluminous disclosures. The Court therefore **VACATES** its operative scheduling order and trial date and **DIRECTS** the parties to meet and file a Rule 26(f) report within **fourteen days** that addresses the length of discovery needed and other deadlines, including a proposed trial date. The Court will further address scheduling upon receiving the parties' report. Under these conditions, the Court **GRANTS IN PART** State Farm's Motion to Strike, or, in the Alternative, Motion to Vacate, ECF No. 71. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 27, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE